1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10    KRISTEN T.,

11                              Plaintiff,          CASE NO. 3:17-cv-01563-RSM-JRC

12        v.                                        REPORT AND RECOMMENDATION
                                                    ON PLAINTIFF'S COMPLAINT
13    NANCY A. BERRYHILL, Deputy
      Commissioner of Social Security for          NOTING DATE: December 14, 2018
14    Operations,

15                              Defendant.

16        This matter has been referred to United States Magistrate Judge J. Richard Creatura

17    pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as

18    authorized by *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261, 271–72 (1976).  This matter

19    has been fully briefed.  *See* Dkt. 13, 14, 15.

20        After considering and reviewing the record, the Court finds that the ALJ erred when she

21    rejected the opinions of two of plaintiff's treating physicians—Dr. Paras and Dr. Lee—because

22    the ALJ did not provide specific, legitimate reasons supported by substantial evidence.  Notably,

23    the ALJ rejected Dr. Paras' opinions about plaintiff's mental health issues based on periodic

24

1    reports of normal affect and mood but overlooked numerous instances within the same time

2    period when providers documented worsened symptoms.  Further, the ALJ rejected Dr. Lee's

3    opinion about plaintiff's Crohn's disease symptoms on the basis of periods when plaintiff

4    engaged in daily activities but overlooked that these activities were not inconsistent with Dr.

5    Lee's opinion that plaintiff's symptoms periodically flared.  These errors were not harmless.

6    Because outstanding issues remain, a remand for further proceedings is appropriate.

7

8                                             BACKGROUND

9         Plaintiff Kristen T. was born in December 1982 and was 30 years old on the alleged date

10    of disability onset of April 15, 2013.  *See* AR. 335, 359.  Plaintiff's highest level of education

11    was high school.  AR. 373.  Plaintiff worked as a patient care coordinator, sales representative,

12    branch manager, graphic designer, and art director.  *See* AR. 373, 387.  In 2005, she was

13    terminated from her most recent full-time job.  AR. 91.

14         According to the ALJ, plaintiff has at least the severe impairments of "irritable bowel

15    syndrome vs. Crohn's disease, status-post ileocecal resection in May 2012 and status-post total

16    hysterectomy, bilateral salpingo oophorectomy, and lysis of adhesions in September 2015"; right

17    hip bursitis; affective disorder; anxiety-related disorders; and personality disorder.  AR. 22.

18         At the time of the hearing, plaintiff lived with her mother.  AR. 90.

19

20                                      PROCEDURAL HISTORY

21         Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. §

22    423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. §

23    1382(a) (Title XVI) of the Social Security Act were denied initially and following

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 2

1   reconsideration.  *See* AR. 136–37, 153, 193, 198.  Plaintiff's requested hearing was held before

2   Administrative Law Judge Ilene Sloan (the "ALJ") on August 31, 2015, and a supplemental

3   hearing was held on May 11, 2016.  *See* AR. 48, 83.  On July 13, 2016, the ALJ issued a written

4   decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social

5   Security Act.  *See* AR. 39.

6        On August 22, 2017, the Appeals Council denied plaintiff's request for review, making

7   the written decision by the ALJ the final agency decision subject to judicial review.  AR. 1; *see*

8   20 C.F.R. § 404.981.  In October 2017, plaintiff filed a complaint in this Court seeking judicial

9   review of the ALJ's written decision.  *See* Dkt. 4.  Defendant filed the sealed administrative

10   record regarding this matter on March 14, 2018.  *See* Dkt. 8.

11        In plaintiff's Opening Brief, plaintiff raises the following issues:  (1) whether the ALJ

12   properly evaluated the opinions of Leilani Paras, M.D., David Widlan, Ph.D., and Scott Lee,

13   M.D.; (2) whether the ALJ properly evaluated plaintiff's credibility; and (3) whether the ALJ

14   properly evaluated lay witness evidence.  Dkt 13, at 1.

15

16                          STANDARD OF REVIEW

17        Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

18   social security benefits if the ALJ's findings are based on legal error or not supported by

19   substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

20   Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

21

22

23

24

1                                    <u>DISCUSSION</u>

2          **1.  Medical Opinion Evidence**

3          In support of her allegations, plaintiff submitted medical opinions including those of Dr.

4   Paras, her primary care physician (AR. 830, 944, 950, 956), and Dr. Lee, her treating

5   gastroenterologist.  AR. 1329.  Where a treating or examining physician's opinion is

6   contradicted, the ALJ must provide specific and legitimate reasons supported by substantial

7   evidence in the record to reject the opinion.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

8   Plaintiff argues that the ALJ failed to give specific and legitimate reasons supported by

9   substantial evidence in the record before rejecting the opinions of Drs. Paras and Lee.  *See* Dkt.

10  13, at 3, 12.

11         *A.  Dr. Paras' Opinions*

12         Dr. Paras provided four opinions.  In August and October 2013, Dr. Paras opined that due

13  to severe anxiety, panic attacks, and Crohn's symptoms, plaintiff had difficulty completing tasks

14  that required more than 30 minutes.  *See* AR. 830, 950.  Although Dr. Paras found that plaintiff

15  was limited to sedentary work, she also found that plaintiff could complete "0" hours per week

16  of work.  *See* AR. 830–31, 950–51.

17         In December 2013, Dr. Paras wrote a letter concerning plaintiff's anxiety, panic attacks,

18  Crohn's disease, and depression.  AR. 944.  In Dr. Paras' view, plaintiff could not maintain

19  fulltime employment.  AR. 944.  Dr. Paras opined that plaintiff's anxiety and panic attacks

20  limited her ability to maintain sustained concentration, persistence, and pace and her ability to

21  adapt to change and tolerate stress.  AR. 944.

22         In August 2014, Dr. Paras completed a medical source statement that rated plaintiff as

23  having a number of marked to severe cognitive impairments caused by Crohn's disease, anxiety

24

1    disorder, and depression.  AR. 953–55.  Regarding plaintiff's depression and anxiety, Dr. Paras

2    explained that these conditions limited plaintiff's ability to concentrate and attend to simple tasks

3    and to interact with others.  AR. 956.

4        The ALJ gave little weight to all four of Dr. Paras' opinions.  *See* AR. 29–30, 34–35.

5    Instead, the ALJ credited the opinions of State agency examiners, who opined that plaintiff had

6    generally mild depression and anxiety.  *See* AR. 37.  The ALJ reasoned that the record did not

7    support Dr. Paras' opinions about the severity of plaintiff's anxiety.  *See* AR. 30, 35.  Regarding

8    Dr. Paras' December 2013 and August 2014 opinions, the ALJ also reasoned that the record

9    showed plaintiff's depression was only mild in severity.  AR. 30, 35.

10        The ALJ's reasoning when she rejected Dr. Paras' opinions regarding plaintiff's mental

11    impairments was flawed in several respects.  First, the ALJ disregarded Dr. Paras' opinion as to

12    the severity of plaintiff's anxiety and panic attacks because plaintiff had never gone to an

13    emergency room for a panic attack and did not regularly take Xanax.  AR. 30, 35.  However,

14    failure to go to an emergency room is not a legitimate reason to discredit a physician's testimony

15    that a plaintiff suffers from panic attacks.  *See Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir.

16    1996) (holding that it is a questionable practice to chastise plaintiffs suffering from mental

17    impairments for not seeking treatment as their symptoms arise).  Notably, here plaintiff told her

18    provider she suffered up to four panic attacks per day in 2013.  *See* AR. 745.  This Court agrees

19    with plaintiff that it is unreasonable to assume that all persons suffering frequent panic attacks

20    will go to an emergency room.  *See* Dkt. 13, at 5.

21        Further, the 2013 and 2015 evidence that the ALJ relied upon does not support the ALJ's

22    characterization of the record as showing that plaintiff only "rarely" took Xanax.  *See* AR. 30.

23    Although plaintiff stated in March 2013 that she "[h]ad" rarely been taking Xanax up to that

24

1    point, she also stated that she started taking "2 tablets of her [X]anax to control the panic attacks"

2    that she suffered up to four times per day.  AR. 745.  By January 2015, she averaged one Xanax

3    per day.  *See* AR. 1355.

4        The ALJ also relied upon evidence of "rare" Xanax usage in 2016.  *See* AR. 30, 1846.

5    Although failure to pursue treatment may be a legitimate reason to discredit allegations of severe

6    symptoms, it is not a proper basis to discredit allegations if there is a good reason not to pursue

7    more aggressive treatment.  *See Carmickle v. Cmm'r*, 533 F.3d 1155, 1162 (9th Cir. 2008).

8    Here, a good reason for plaintiff's rare use of Xanax in 2016 is readily apparent within one of the

9    same records that the ALJ relied on:  plaintiff's doctor advised her to use Xanax "sparingly."

10   AR. 1846.  And at a prior visit, plaintiff had discussed with her primary care physician the

11   dangers of Xanax for long-term treatment and its "potential for addiction and abuse."  AR. 1370.

12       When the ALJ rejected Dr. Paras' December 2013 opinion, the ALJ also reasoned that

13   the evidence showed plaintiff's depression was mild in severity.  AR. 30.  In reaching this

14   conclusion, the ALJ relied upon numerous records in which providers described plaintiff's

15   depression as mild and her affect and mood as normal.  *See* AR. 30.  However, the ALJ failed to

16   note that within the same time period, numerous other records documented that plaintiff's "major

17   depression," although "[m]ild," was also "recurrent" and subject to "flare[s]" and exacerbation

18   from her anxiety.  AR. 747; *see* AR. 743, 888, 892, 898, 913.  And although plaintiff denied

19   depression in July 2013 (AR. 842) and her depression was "good" in September 2013 (AR. 892),

20   the record also documents increased depression in June 2012 (AR. 772), June 2013 (AR. 916),

21   October 2013 (AR. 888), August 2014 (AR. 1054), and March 2015 (AR. 1347).  In 2013, for

22   instance, plaintiff's provider noted her mood was dysphoric and at times, despairing and tearful

23   during an appointment.  AR. 888.

24

1    With mental health conditions, "it is error to reject a claimant's testimony merely because

2 symptoms wax and wane in the course of treatment." *Garrison v. Colvin*, 759 F.3d 995, 1017

3 (9th Cir. 2014). "Cycles of improvement and debilitating symptoms are a common occurrence,

4 and in such circumstances it is error for an ALJ to pick out a few isolated instances of

5 improvement over a period of months or years and to treat them as a basis for concluding a

6 claimant is capable of working." *Id.* Here, when the ALJ focused on plaintiff's cycles of

7 improvement but overlooked periods where plaintiff's depression had flared, the ALJ failed to

8 properly account for the intermittent nature of plaintiff's depression. The ALJ improperly

9 "cherry-picked" the record, focusing on isolated instances of improvement but ignoring evidence

10 of exacerbation. *See Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016). In doing so, the ALJ

11 erred.

12    The ALJ similarly erred in her evaluation of anxiety and depression evidence when she

13 rejected Dr. Paras' August 2014 opinion as inconsistent with the longitudinal evidence in the

14 record. *See* AR. 35. Again, the ALJ failed to take into account the evidence that plaintiff's

15 mental symptoms waxed and waned in severity. The ALJ pointed to instances from between

16 January 2013 and February 2016 when plaintiff's providers noted her affect was normal. *See*

17 AR. 35, 751, 1604. But the ALJ overlooked evidence from within this time period, when

18 providers periodically documented a worsening of plaintiff's mental state, including her mood

19 and affect. *See, e.g.*, AR. 747, 876, 888, 916, 1053, 1057, 1347, 1370. For instance, providers

20 documented plaintiff's mood as "[f]rustrated," "[d]epressed," "[d]espairing at times,"

21 "[a]nxious," or "[d]ysphoric," and her affect as "[s]ad," "[t]earful," "[s]how[ing] worry,"

22 "[d]emonstrat[ing] excessive crying," or "[a]gitated." AR. 747, 876, 888, 916, 1053, 1057,

23 1347, 1370. It was error for the ALJ not to take into account the evidence supporting that

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 7

1    plaintiff's symptoms periodically flared, rather than that they were generally mild.  *See Garrison*,

2    759 F.3d at 1017.

3        *B.  Dr. Lee's Opinion*

4        In March 2015, Dr. Lee, plaintiff's treating gastroenterologist, submitted a letter about

5    plaintiff's symptoms caused by Crohn's disease.  AR. 1329.  In his letter, Dr. Lee explained that

6    Crohn's disease was a condition that caused "intermittent worsening of symptoms" that when

7    active, would "often render the patient incapable of any substantive work."  AR. 1329.  Fatigue

8    caused by Crohn's disease and accompanying medications would, in Dr. Lee's opinion, make it

9    difficult for plaintiff to work on a consistent basis for 8 hours a day.  AR. 1329.

10       The ALJ rejected Dr. Lee's opinion and instead credited the opinion of a non-examining

11   doctor who specialized in gastroenterology—Dr. Jillehwar.  *See* AR. 32.  In doing so, however,

12   the ALJ relied upon findings that were not inconsistent with Dr. Lee's opinion or that were not

13   supported by substantial evidence.

14       Although Dr. Lee's opinion focused on the intermittent and unpredictable symptoms that

15   plaintiff's Crohn's disease caused, the ALJ's rejection of Dr. Lee's opinion focused on whether

16   the evidence showed that plaintiff was fatigued "every day."  *See* AR. 31.  The ALJ found

17   evidence of ability to engage in daily activities—such as attending yoga up to 4 days per week,

18   going on a trip in 2014, exercising at the YMCA, and plaintiff's tending to her young children—

19   to be evidence that contradicted Dr. Lee's opinion.  *See* AR. 31.

20       But the evidence of intermittent activity—a trip in 2014 and attending yoga several days

21   per week—does not contradict Dr. Lee's account of periodic exacerbations to plaintiff's

22   symptoms that would render her unable to work.  Further, although the ALJ characterized the

23   record as showing that plaintiff "swims and does the elliptical at the YMCA," the ALJ failed to

24

1   cite any portions of the record that supported this conclusion.  *See* AR. 31.   Rather, a single note

2   from 2011 that plaintiff had "just joined" the YMCA is simply repeated in subsequent notes

3   regarding plaintiff's social history.  *See* AR. 815, 1851, 1854, 1857.

4        Although Dr. Lee's opinion highlighted the intermittent and unpredictable nature of

5   plaintiff's Crohn's disease symptoms, the ALJ focused upon whether the record showed any

6   instances where plaintiff acted inconsistently with having debilitating fatigue every day.  In

7   doing so, the ALJ overlooked that even if plaintiff were able to engage in some daily activities

8   on certain days, she might nevertheless suffer from debilitating fatigue on other days.  Thus, the

9   ALJ's findings were not legitimate reasons to disregard Dr. Lee's opinion.

10       *C.  Not Harmless Error*

11       "[H]armless error principles apply in the Social Security Act context."  *Molina v. Astrue*,

12   674 F.3d 1104, 1115 (9th Cir. 2012).  "[A]n ALJ's error is harmless where it is 'inconsequential

13   to the ultimate nondisability determination.'"  *Id.* (quoting *Stout v. Cmm'r*, 454 F.3d 1050, 1055

14   (9th Cir. 2006)).

15       Here, because the ALJ focused on periods of mild mental symptoms, she rejected Dr.

16   Paras' opinions that plaintiff's mental conditions caused difficulty completing tasks that lasted

17   more than 30 minutes (*see* AR. 830, 950), affected her abilities to adapt to change and tolerate

18   stress (AR. 944), and impacted her ability to interact with others (AR. 956).   The ALJ also

19   rejected Dr. Lee's opinion that Crohn's disease symptoms would make plaintiff periodically and

20   unpredictably absent from work.  *See* AR. 1329.

21       Had the ALJ fully credited Dr. Paras' opinions, the ALJ could well have decided to

22   include in the RFC the additional limitations that Dr. Paras recommended:  an inability to carry

23   out even simple tasks that lasted for more than 30 minutes and a lack of ability to change and

24

tolerate stress.  And although the ALJ did include some limitations regarding interaction with others, the ALJ could have decided to include greater limitations had she fully credited Dr. Paras' opinion that interacting with others caused great difficulty and exacerbated plaintiff's anxiety and depression.  *See* AR. 956.  Finally, had the ALJ fully credited Dr. Lee's opinion, the ALJ would likely have determined that plaintiff required a flexible schedule or a certain number of absences per month.  *See* AR. 1330.  And if the ALJ had included these additional limitations, the ultimate disability determination may well have been different.  Accordingly, the errors were not harmless.

Plaintiff argues that this case should be remanded for an award of benefits because when fully credited, the rejected evidence establishes that she is entitled to benefits.  *See* Dkt. 13, at 19. Among other requirements, to remand for an award of benefits, rather than further proceedings, this Court must be satisfied that further administrative proceedings would serve no useful purpose.  *Garrison*, 759 F.3d at 1020.

Here, however, there are outstanding issues, so that further administrative proceedings would serve a useful purpose.  Namely, even if the ALJ fully credited Dr. Lee's opinion that plaintiff suffered from intermittent Crohn's symptoms, it is unclear the extent to which additional limitations in the RFC would be required.  Dr. Lee's and Dr. Paras' opinions are also in conflict with those of other doctors.  *See* AR. 30, 37.

Because this Court remands for further proceedings, the ALJ must re-evaluate the medical evidence on remand.  The plaintiff may also present new evidence and testimony.  *See* Program Operations Manual System (POMS), GN 03106.036 Court Remand Orders, https://secure.ssa.gov/poms.nsf/lnx/0203106036 (last visited November 5, 2018).  The ALJ's reconsideration of the medical evidence may impact her assessment of plaintiff's testimony and

1   the lay witness testimony.  Accordingly, the ALJ must reconsider credibility and the lay witness

2   testimony on remand.

3

4                                        CONCLUSION

5          Based on these reasons, and the relevant record, the undersigned recommends that this

6   matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to

7   the Deputy Commissioner for further proceedings consistent with this Report and

8   Recommendation.  **JUDGMENT** should be for **plaintiff**, and the case should be closed.

9          Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

10  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

11  6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

12  review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit

13  imposed by Rule 72(b), the clerk is directed to set the matter for consideration on December 14,

14  2018, as noted in the caption.

15         DATED this 28th day of November, 2018.

16

17

18

19  J. Richard Creatura
    United States Magistrate Judge

20

21

22

23

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 11